```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Shannon M. Doss,                    :

        Plaintiff,                  :

     v.                             :     Case No. 2:09-cv-1167

Michael J. Astrue,                  :     JUDGE GRAHAM
Commissioner of Social Security,          MAGISTRATE JUDGE KEMP
                                    :
        Defendant.
```

                           OPINION AND ORDER

    This social security case is before the Court for a ruling on objections filed by the plaintiff to a Report and Recommendation of the Magistrate Judge which recommended that her statement of errors be overruled and that judgment be entered in favor of the Commissioner.  Those objections were timely filed on August 22, 2010.  The time for the Commissioner to respond to the objections has passed, and the Commissioner has not filed a response.  For the following reasons, the Court will overrule the objections and decide this case in favor of the Commissioner.

    As the Report and Recommendation reflects, plaintiff's claim for benefits was based upon medical conditions including back pain, anxiety, a mood disorder, and mental retardation. Plaintiff had worked for eight or nine years before being involved in a motor vehicle accident, and stopped working due to physical pain.  By 2009, her treating psychiatrist, Dr. Parikh, had come to the conclusion that plaintiff could not work for one year and possibly longer due her psychiatric illnesses.  (Tr. 284).  Although plaintiff was never diagnosed with mental retardation and the record does not contain any IQ scores, plaintiff asserted in her statement of errors that the Administrative Law Judge had a duty to develop the record on the issue of mental retardation.  She also asserted that Dr. Parikh's

opinion was not given appropriate weight. The administrative decision did not list mental retardation among plaintiff's severe impairments, finding instead that those impairments consisted of back/leg pain and mood/panic disorders. That decision also found that plaintiff could perform certain light exertional jobs such as production inspector, hand packer, assembler, and grader/sorter, and was therefore not disabled by her severe impairments.

I.

Plaintiff's first assignment of error was couched in terms of whether the Commissioner adequately developed the record concerning whether she was mentally retarded. She cited to evidence in the record, including her lack of formal schooling and her inability to get a G.E.D., as the basis for this claim, and argued that had the Commissioner properly followed up on this evidence, she might have been able to qualify for benefits under Listing 12.05(C) because she does have other significantly limiting impairments. The Report and Recommendation rejected this claim based on the fact that the ALJ enjoys broad discretion as to whether to order further development of the record and that, similar to the situation presented in Hayes v. Commissioner of Social Security, 357 Fed. Appx. 672 (6th Cir. December 18, 2009), there was no clear indication that plaintiff's schooling or job issues were the product of mental retardation, and that this condition was not noted in any of the extensive medical records. The Report and Recommendation also adopted the Commissioner's contention that even if IQ tests were ordered and plaintiff scored under the threshold for Listing 12.05(C), she would not necessarily have proved an entitlement to benefits because that Listing also requires a finding of deficits in adaptive functioning prior to age 22, and the record did not show that such deficits existed.

-2-

In her first objection, which the Court reviews *de novo*, plaintiff argues that the record did, indeed, contain evidence of deficits in adaptive functioning, such as the fact that she dropped out of school in the seventh grade, consistently earned grades of "D" or "F" before she did so, and that she lacked simple life skills like the ability to balance a checkbook.  She also asserts that it would not necessarily have been the case that mental retardation, if it existed, would have been either diagnosed or commented on by any of the mental status examiners.

The primary focus of the Report and Recommendation on this issue is not the existence or absence of evidence of deficits in adaptive functioning (although the evidence plaintiff points to in her objections is not particularly strong), but the fact that the Commissioner is ordinarily given substantial leeway in deciding if the record is clear enough to permit a decision to be made on the important issues subsumed within the plaintiff's claim for benefits.  Plaintiff does not take issue with this legal proposition, but only its application here.

Certainly, different people could hold diverging views on exactly how clear the record was on this issue, but the fact that they could do so illustrates the point that the Commissioner's ultimate decision not to order further testing was not an abuse of discretion.  The absence of any suggestion of mental retardation in the medical records may not conclusively prove the absence of that condition, but it is a factor that the Commissioner may legitimately take into account in deciding whether to order more testing.  The fact that any evidence of deficits in adaptive functioning is, at best, weak or equivocal, and that there is countervailing evidence that plaintiff was able to function effectively in a job setting and otherwise, also supports the fact that the Commissioner acted well within his discretion in not ordering more tests.  Consequently, the Court

finds no merit in plaintiff's first objection.

## II.

Plaintiff's second objection deals with the weight given to the opinion of Dr. Parikh. The Commissioner rejected his opinion for three reasons: (1) Dr. Parikh had seen plaintiff a total of two times before he gave his opinion; (2) the course of plaintiff's treatment for her mental impairments was more intermittent than regular; and (3) Dr. Parikh did not provide a Medical Source Statement. (Tr. 17-18). The Report and Recommendation, after citing to the applicable regulation (20 C.F.R. §404.1527) and the controlling case law from the Court of Appeals, concluded that

> These comments, while fairly bare-bones, are sufficient to advise both the plaintiff and the Court of the ALJ's rationale for giving the disability opinion little or no weight. The lack of a continuous treatment history, and the fact that the letter does not describe any functional limitations, do support the conclusion that this opinion was not controlling or even particularly significant. To the extent that there is any error at all in the way that the administrative decision articulated the basis for disregarding Dr. Parikh's opinion, moreover, that error is clearly harmless here. Cf. Wilson [v. Commissioner of Social Security], 378 F.3d [541 (6th Cir. 2004)] at 547.

Report and Recommendation, at 8-9.

Plaintiff's objections address only certain portions of this rationale. She points out that the Commissioner could have cured one of the deficiencies identified in the administrative decision by obtaining a medical source statement from Dr. Parikh pursuant to 20 C.F.R. §404.1512(e). She then asserts, in fairly conclusory fashion, that "the ALJ did not properly discuss his reasons for discrediting the Plaintiff's treating physician." Objections, Doc. #22, at 3.

Even if the ALJ had obtained a medical source statement,

that would not have affected the other reasons given for discounting Dr. Parikh's opinion.  Again, after reviewing the issue *de novo*, the Court agrees that the reasons given were both sufficient - that is, they are the kinds of reasons which the Commissioner is permitted to rely on in giving less than controlling weight to the opinion of a treating physician - and that they were sufficiently articulated to satisfy the standard set forth by the Court of Appeals in Rogers v. Comm'r of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).  For these reasons, the Court also finds the second objection to be without merit.

                               III.

For the reasons set out in this Opinion and Order, plaintiff's objections (#22) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation is **ADOPTED** and **AFFIRMED.**  The plaintiff's statement of errors is **OVERRULED**.  The Clerk is directed to enter judgment in favor of the defendant Commissioner.

It is so ORDERED.


                                    S/ James L. Graham
                                    JAMES L. GRAHAM
                                    United States District Judge


DATE: October 12, 2010